**IN THE COURT OF APPEALS OF IOWA**

No. 19-0777
Filed July 24, 2019

**IN THE INTEREST OF I.D. and S.D.,**
**Minor Children,**

**J.D., Father,**
     Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark Fowler, Judge.

The father appeals the termination of his parental rights to his two children.

**AFFIRMED.**

Rebecca C. Sharpe of Aitken, Aitken & Sharpe, P.C., Bettendorf, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Jean Capdevila, Davenport, guardian ad litem for minor children.

Considered by Potterfield, P.J., May, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**BLANE, Senior Judge.**

The father appeals the termination of his parental rights to his biological child, I.D., and his legal child, S.D.[1] The juvenile court terminated his parental rights to both children pursuant to Iowa Code section 232.116(1)(f) and (*l*) (2018). The father does not contest the statutory grounds for termination; he argues termination is not in the children's best interests because they share a bond with him. He also asks for additional time to work toward reunification.

We review termination proceedings de novo. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Termination of parental rights generally involves a three-step analysis. *See In re M.W.*, 876 N.W.2d 212, 220 (Iowa 2016). But we only review and discuss steps in which a parent alleges error occurred. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (stating the court need not consider the step the parent did not dispute); *see also Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) (noting an issue the appellant failed to raise in their appellate brief and concluding "any error by the trial court [regarding that issue] was not preserved for our review"). Here, the father does not contest the statutory grounds, so we do not consider them.

We begin by considering the father's combined argument regarding the best interests of the children and the bond he and the children share. *See* Iowa Code § 232.116(2), (3)(c). In determining what is in the children's best interests, our "primary considerations are 'the child[ren]'s safety,' 'the best placement for

---

[1] The mother's parental rights were also terminated. She filed a timely notice of appeal but did not file a petition within fifteen days. *See* Iowa R. App. P. 6.201(1)(b). As a result, our supreme court dismissed the mother's appeal. *See* Iowa R. App. P. 6.201(3).

furthering the long-term nurturing and growth of the child[ren],' and 'the physical, mental, and emotional condition and needs of the child[ren].'" *P.L.*, 778 N.W.2d at 37 (quoting Iowa Code § 232.116(2)).

Here, the children were removed from the father's care in July 2017 after he was arrested for perpetrating domestic violence against his then-girlfriend in the presence of the children. Once the Iowa Department of Human Services (DHS) began working with the family, it was noted the father had ongoing issues with substance abuse as well as a history of aggression and perpetrating domestic violence. The father did not always submit to drug testing when asked to do so by DHS. Still, some of the tests he took came back positive—at least one for amphetamines and one for cocaine.

At the time of the termination hearing in April 2019, the father refused to testify as to where he was living because he did not want DHS to know. He stated he had been staying at the undisclosed address for approximately six months. When asked why he moved there, he indicated that before he did so, he was smoking crack cocaine daily. It is undisputed that the father has not completed a substance-abuse treatment program at any point in the duration of this case.

The children have been out of the father's care for approximately twenty-two months, and it is clear the father is unable to resume caring for the children. Forcing children to remain in ongoing limbo, with no end in sight, is not in their best interests. *See In re J.P.*, 499 N.W.2d 334, 339 (Iowa Ct. App. 1993) ("A child should not be forced to endlessly suffer the parentless limbo of foster care."). And while the father maintains the court should not terminate his parental rights because of the bond he shares with the children, he has not established that the

children are so bonded to him that terminating his parental rights will ultimately disadvantage them. *See In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018) (requiring the parent contesting termination to establish if a permissive factor in section 232.116(3) weighs against the termination).

The father also maintains he should be given additional time to work toward reunification with the children. But, in order to allow additional time, the court must be able to enunciate what it expects to be different at the end of the extension that will allow the parent to resume care of the children. *See* Iowa Code § 232.104(2)(b). The father did not present any evidence at the termination hearing to support a conclusion he was on the path to becoming a safe, able parent for his children. *See In re C.H.*, No. 15-0167, 2015 WL 1332325, at *2 (Iowa Ct. App. Mar. 25, 2015) ("Nothing in the record shows the [parent] could suddenly make positive progress toward reunification, and it is contrary to our child welfare law to postpone permanency under these conditions.").

We affirm the termination of the father's parental rights to both children.

**AFFIRMED.**